OPINION OF THE COURT
Memorandum.
Order reversed, on the law, information reinstated and matter remanded for all further proceedings.
Defendant was charged with improperly conducting a real estate business in a residential zone. Defendant, through its sole stockholder, admitted conducting such a business but claimed that it was a valid accessory use by virtue of a provision which permitted “a physician, lawyer, architect, teacher or similar professional person residing on the premises” to maintain an office subject to certain other restrictions not here relevant. The court below found the relevant sections of the ordinance unconstitutional because of the vagueness of the afore-mentioned provisions regulating accessory uses.
*170 It is our opinion that when construed according to the common understanding given the words, as it must be, the term “similar professional person” does not include a real estate broker and that this is sufficiently clear so as to preclude a finding that the provision is unconstitutionally vague (see Grayned v City of Rockford, 408 US 104; City of New Rochelle v Friedman, 190 Misc 654; 101A CJS, Zoning & Land Planning, § 151, and cases cited therein). Thus defendant is effectively barred from conducting a real estate agency in a residential district.
Concur: Farley, P.J., and Geiler, J.; O’Gorman, J., taking no part.