OPINION OF THE COURT
Robert C. McGann, J.
The defendant was arrested on January 22, 1986 and *94 charged with criminal mischief in the fourth degree (Penal Law § 145.00) and attempted credit card surcharge (Penal Law § 110.00; General Business Law § 518); and served with a desk appearance ticket, returnable on March 3, 1986. The charges arose out of an altercation between the defendant, an Amoco gas station attendant, and the complainant, a purported customer.
Defendant moves the court for an order dismissing the Penal Law § 110.00; and General Business Law § 518 charge, pursuant to the Constitutions of the United States of America and the State of New York, in that the statute is void for vagueness, preempted by Federal statute, and is an unconstitutional selective enforcement.
CONSTITUTIONALITY OF GENERAL BUSINESS LAW § 518
Defendant contends that the charge of violating General Business Law § 518 should be dismissed pursuant to the Constitutions of the United States and the State of New York on the grounds that the law is "indefinite, uncertain and void for vagueness, is preempted by federal statute and is herein an unconstitutional selective enforcement”.
An enactment of the State Legislature carries with it an exceedingly strong presumption of constitutionality. For a court to find to the contrary, a defendant must demonstrate that a statute is unconstitutional beyond a reasonable doubt. (Matter of Van Berkel v Power, 16 NY2d 37 [1965]; People v Ortiz, 125 Misc 2d 318 [Crim Ct, Bronx County 1984].)
Only as a last resort should a court of first instance strike down a legislative enactment on constitutional grounds, and only when it has been clearly shown that the statute is unreasonably arbitrary and that the conclusion of unconstitutionality is inescapable. (Matter of Speilvogel v Ford, 1 NY2d 558 [1956], appeal dismissed 352 US 957; McKinney’s Cons Laws of NY, Book 1, Statutes § 150 [a].)
(a) VAGUENESS
With the above presumption in mind, the court must now address the defendant’s constitutional attack on General Business Law § 518 on the ground that it is vague, uncertain, and indefinite.
A statute, in order to avoid a vagueness challenge, must be *95 sufficiently definite to give a reasonable person subject to it notice of the nature of what is prohibited and what is required of him. (People v Byron, 17 NY2d 64, 67 [1966].) Moreover, if arbitrary and discriminatory administration is to be prevented, laws must provide explicit standards for their application. A vague law "impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application.” (Grayned v City of Rockford, 408 US 104, 108-109.)
However, the Constitution only requires reasonable precision by a legislature. Statutory language cannot be mathematically precise, and ordinary terms which convey "sufficiently definite warnings as to the proscribed conduct” will suffice. (Roth v United States, 354 US 476, 491; People v Illardo, 48 NY2d 408.) The fact that a key work is not precisely defined in a statute does not mean that it becomes constitutionally defective if the "plain meaning” of the word can be ascertained. (People v Newton, 73 Misc 2d 854 [Crim Ct, NY County 1973].)
While the term "surcharge”* is not precisely defined by the statute itself it retains its everyday, commonsense meaning; and when construed accordingly, is sufficiently clear as to preclude a vagueness challenge. (People v Cully Realty, 109 Misc 2d 169 [App Term, 2d Dept 1981].)
Here, the complaint alleges (and the defendant does not dispute) that the defendant attempted to impose a five cents per gallon charge over the cash price when the complainant attempted to use his credit card to purchase gasoline. Defendant’s contention that the charge for gasoline in excess of the cash price was a cash discount and not a surcharge may, if sufficiently demonstrated by him, be a valid trial defense to Penal Law § 110.00 and General Business Law § 518. Notwithstanding its potential validity as a defense, the contention is not sufficient to sustain the heavy burden upon the defendant to prove unconstitutionality beyond a reasonable doubt. The provision at issue gave the defendant fair warning as to what conduct was prohibited and given the plain meaning of the statute, it is not impermissively vague, indefinite or uncertain. *96 (b) PREEMPTION
Contrary to defendant’s assertion, the Federal Truth in Lending Act (TILA; 15 USC § 1601 et seq.) does not preempt General Business Law § 518.
The preemption doctrine, as set forth in People v Broady (5 NY2d 500 [1959]), requires that State laws defer to Federal legislation where either of three elements exist: (1) the scheme of the Federal legislation is so complete and pervasive that no room is left for the State to supplement it; (2) the Federal interest is so dominant that State laws on the same subject must yield; or (3) the State statute presents a substantial conflict with the administration of the Federal program. (Pennsylvania v Nelson, 350 US 497; Hines v Davidowitz, 312 US 52; People v Broady, 5 NY2d 500, cert denied 361 US 8, supra; People v Giese, 95 Misc 2d 792, 795 [Sup Ct, Suffolk County 1978].)
A close examination of the two statutes referred to by defendant reveals that the language of the surcharge prohibition in the two statutes are almost identical (General Business Law § 518; 15 USC § 1666 [a] [2]). It is apparent from both the language of the respective statutes as well as from the memorandum which accompanied the bill upon its proposal, that the two statutes are not at odds with each other.
The memorandum (Assembly bill 10189, introduced by Senator James J. Lack and Assemblyman Ralph Goldstein) reveals that one of the purposes of the bill was to continue the Federal ban on surcharges for credit card use. Moreover, the memorandum indicates that it continues to encourage cash discounts, in apparent harmony with the Federal provision.
The statute here need not defer to the Federal legislation it was enacted to complement. The corresponding TILA provision is neither too pervasive nor dominant, nor in conflict with General Business Law § 518, and the question of whether the five cents per gallon charge over the cash price constituted a cash discount as urged by the defendant, is an issue more appropriately raised at trial. As such, the court holds that the Federal TILA does not preempt General Business Law § 518.
(c) SELECTIVE ENFORCEMENT
Finally, defendant contends that the charge of violating General Business Law § 518 is an unconstitutional selective enforcement. In determining the constitutionality of enforcement, the defendant has a "heavy burden” of proving illegal *97 discriminatory practice (People v Goodman, 31 NY2d 262 [1972]). He must also overcome the presumption that "the enforcement of laws is undertaken in good faith and without discrimination” (Matter of 303 W. 42nd St. Corp. v Klein, 46 NY2d 686, 694 [1979]).
Furthermore, defendant must demonstrate that the administration and application of the statute by law enforcement officials was " 'with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances’ ” (Matter of 303 W. 42nd St. Corp. v Klein, supra, at 693). Defendant must also establish that such enforcement was deliberately based upon an unjustifiable standard such as race, religion, or (some otherwise) arbitrary classification. (See, Matter of Di Maggio v Brown, 19 NY2d 283, 290 [1967].)
Here, the defendant makes the bare assertion that he was singled out for enforcement while all other oil dealers were ignored, but fails to set forth any facts that support the contention that his prosecution resulted from any conscious discrimination by law enforcement officials. Nor does he indicate that the prosecution has been initiated by any evil intention. As such, defendant’s claim of unconstitutional selective enforcement must be rejected.
Accordingly, defendant’s motion for an order dismissing the charge of General Business Law § 518 pursuant to the Constitutions of the United States and the State of New York is hereby denied.
[Portions of opinion omitted for purposes of publication.]

 "Surcharge” is defined by Webster’s Third International New Dictionary as: (1) "to charge * * * an extra or additional fee, usu. for some special service”, or (2) "a charge in excess of the usual * * * amount * * * an additional and usu. excessive charge”.