OPINION OF THE COURT
Marvin E. Segal, J.
The defendant’s motion to dismiss the information against *999 the defendant on the grounds that the said violations as charged against the defendant are unconstitutionally vague and incapable of enforcement is denied for the following reasons:
The defendant herein was charged with violating section 6513 (1) of the Education Law, unauthorized use of a professional title, to wit, "architect”. It is alleged that the defendant did use the title "architect” without having a license as required by statute (Education Law § 7302).
Specifically, the information alleges that the defendant used the title "architect” on an American Institute of Architects "Abbreviated Form of Agreement Between Owner and Contractor” involving the construction of a one-story addition to an existing house owned by Kenneth Petersel, M.D. The information further alleges that the defendant is not licensed to practice architecture by the State of New York evidenced by a certificate of nonlicensure from the State Department of Education.
The defendant contends that there is nothing in sections 6513 (1) or 7302 of the Education Law which "specifically proscribes the conduct and clearly warns those susceptible of violating these statutes of exactly who they are and what constitutes conduct that will be susceptible of prosecution.”
Section 6513 (1) of this law states: "Anyone not authorized to use a professional title regulated by this title, and who uses such professional title, shall be guilty of a class A misdemeanor.”
Section 7301 of the Education Law defines the practice of architecture as "rendering or offering to render services which require the application of the art, science, and aesthetics of design and construction of buildings including their components and appurtenances and the spaces around them wherein the safeguarding of life, health, property, and public welfare is concerned. Such services include, but are not limited to consultation, evaluation, planning, the provision of preliminary studies, designs, construction documents, construction management, and the administration of construction contracts.”
Education Law § 7302 provides: "[o]nly a person licensed or otherwise authorized to practice under this article shall practice architecture or use the title 'architect’.”
Education Law of 1910 § 1476 (now § 7302), together with other provisions of the former article 56 (now art 147), were upheld as constitutional in 1930 by the Schenectady County *1000 Supreme Court. (Bowen v City of Schenectady, 136 Misc 307, affd 231 App Div 779 [1930].)
The former version of section 7302 provided "that in order to safeguard life, health and property, no person shall, on or after the 1st day of January, 1930, practice architecture or use the title architect unless such person shall have secured from the Regents a certificate as a registered architect in the manner therein provided (Education Law, § 1476, subd. 1).” (Bowen v City of Schenectady, supra, at 308.)
In Bowen (supra), the statute’s constitutionality was challenged on the grounds that it violated the "clause of the Federal Constitution which provides that 'no state shall * * * pass any * * * law impairing the obligation of contracts’ (U. S. Const, art. 1, § 10) and that it arbitrarily interferes with personal liberty and private property in contravention of the State Constitution (State Const, art 1, § 6).” (Bowen v City of Schenectady, supra, at 310.)
The court upheld the validity of the statute as a legitimate exercise of police power.
"The act under consideration expressly declares that its object is to safeguard life, health and property * * * The very fact that the architect’s qualifications have been examined and certified by a responsible body is evidence of his fitness and furnishes some safeguard against unskilled work.” (Bowen v City of Schenectady, supra, at 311.)
When suing on a contract, recovery has been denied those doing architectural work without having a license. (Wineman v Blueprint 100, 75 Misc 2d 665, and the cases cited therein.) The court in Wineman held (at 667):
"Since the purpose of the licensing statute is the safeguarding of the life, health and property of our citizens, it should be strictly enforced * * *
"If this statute is to have any effect such persons must be discouraged from carrying on such activities. The statute here sought to be enforced is akin to many licensed fields where the protection of the public is paramount. Examples are in the professions of medicine, dentistry, nursing, chiropractic, pharmacy, podiatry, optometry, engineering and of course law. Would one permit the unlicensed practice of any of these professions? The court is of the opinion that the underlying public policy requiring licensing as proof of professional competence and responsibility outweighs all other considerations.”
Bowen v City of Schenectady (supra) appears to be the only *1001 reported case with respect to the constitutionality of Education Law § 7302. Therefore, the court must look to similar type licensing statutes promulgated under the Education Law. The licensing statutes regarding professional titles are, in fact, interchangeable.
In People v Amber (76 Misc 2d 267 [1973]), the Supreme Court upheld the constitutionality of Education Law §§ 6512, 6521, 6522 and 6513.
These four sections are analogous to the relevant sections of the Education Law with respect to architecture, to wit, sections 6513, 7301 and 7302.
The defendant in Amber (supra) attacked the constitutionality of the statute defining the practice of medicine. The constitutional attack was twofold: first, that the statute was overbroad and secondly, it was vague.
At the outset, the court noted that the general power of the State pursuant to its police powers to regulate the right to practice "medical arts” in New York has been upheld against previous constitutional challenges. (People v Amber, supra, at 268.) The court further noted that "[t]he statute has been reenacted up to the present time in virtually identical form and has furnished the basis for numerous prosecutions”. (People v Amber, supra, at 269, and the cases cited therein.)
With respect to the issue of vagueness the court concluded that "[w]hile the court nisi prius has the power to declare statutes unconstitutional, it should do so only in the clearest case. Further courts are loathe to overthrow the action of the Legislature in the exercise of its police power if the Legislature acts reasonably, or to declare void a remedial statute frequently re-enacted over a long period of time. (See McKinney’s Cons. Laws of N. Y., Book 2, Constitution, Constitutional Interpretation, § 46.)” (People v Amber, supra, at 269-270.)
The defendant, in Amber (supra), also contested the constitutionality of the statute on the grounds that it was overbroad. The court correctly stated (at 270) that "[w]hile the State may constitutionally regulate certain activities, it may not do so in an unnecessarily broad manner thereby impinging upon fundamental personal liberties.”
The court concluded in this regard, "[a] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application may be declared unconstitutional. This court cannot, however, agree with de *1002 fendant’s assertion that this statute does not direct the actor, with reasonable specificity, toward the conduct to be prohibited. There is a strong presumption that a statute duly enacted is constitutional. In order to declare a law unconstitutional, its invalidity must be demonstrated beyond a reasonable doubt. (See People v. Pagnotta, 25 N Y 2d 333; Matter of Van Berkel v. Power, 16 N Y 2d 37, 40.) Defendant has not met this burden.” (People v Amber, supra, at 270-271.)
The instant statutes mirror those applicable to physicians. The statutes applicable to the practice of architecture have as well been reenacted up to the present in the same form as they were originally enacted.
As previously stated, there exists a legitimate exercise of police power in regulating the practice of architecture. In addition thereto, the statutes being challenged by the defendant, with clarity and certainty, direct a person with reasonable specificity toward the conduct to be prohibited. Furthermore, the defendant has failed to demonstrate the invalidity of the statutes which he challenged beyond a reasonable doubt.
Logic dictates that it was the intent of the Legislature to prohibit the activities alleged to have been committed by the defendant.
Dr. Petersel contracted for an architecturally sound addition to his house. The purpose behind the statutes promulgated in this regard was to protect the public from unlicensed professional architects.
We find Education Law § 7300 et seq., the statutes regulating the practice of architecture, to be constitutionally sound.
In view of the aforesaid, the defendant’s motion is, in all respects, denied.