OPINION OF THE COURT
Timothy J. Flaherty, J.
The court grants the application of the defendant in the *946 nature of reargument of its decision of April 15, 1988,* recalls that decision, and substitutes the following:
The defendants are charged pursuant to New York City Charter § 558 (e) with violating sections 3.09, 3.11 and 131.15 (a) of the New York City Health Code for allegedly failing to provide, install and maintain acceptable window guards in apartments and surrounding public hallways in certain Bronx buildings they manage or control. They have moved pursuant to CPL 170.30 (1) (a) and 170.35 (1) (c) to dismiss the accusatory instrument on grounds that the statutes defining the offenses charged are unconstitutional or otherwise invalid.
With respect to count A of the information, defendants are charged with violating Health Code § 131.15 (a) for allegedly failing to provide, install, and maintain acceptable window guards where a "child under eleven (11) years of age” resided. As part of their motion to dismiss this count of the information, defendants have asserted that Health Code § 131.15 (a) unconstitutionally imposes criminal liability based upon unpublished New York City Department of Health (hereinafter referred to as DOH) regulations, requiring installation of only specific types of DOH-approved window guards and installation, in violation of section 558 (g) and section 1105 (f) of the New York City Charter.
Health Code § 131.15, the "Window-Guard Law”, was enacted after the DOH determined from results of its own study and program that installation of window guards in apartment buildings significantly reduced the number of window fall accidents involving young children.
Health Code § 131.15 (a) reads as follows: "The owner, lessee, agent or other person who manages or controls a multiple dwelling shall provide, and maintain, a window guard, of a type deemed acceptable by the Department, installation to be made pursuant to specifications provided by the Department, on windows of each apartment in which a child or children ten (10) years of age and under reside, and on the windows, if any, in the public halls of a multiple dwelling in which such children reside, except that this section shall not apply to windows giving access to fire escapes or to a window on the first floor that is a required means of egress from the dwelling unit. It shall be the duty of each such person who manages or controls a multiple dwelling to ascertain whether *947 such a child resides therein.” (Emphasis added.) The plain import of section 131.15 (a) is that it requires all persons who manage or control multiple dwellings to install, pursuant to DOH-provided specifications, window guards in apartment and hallway windows of buildings where children under 11 years of age reside.
Based upon the affidavits submitted by counsel, the court determines that the types of window guards deemed acceptable and the installation requirements issued by the DOH are merely specifications, and not regulations as urged by defense counsel, and are readily obtainable from that agency. Specifications are meant to serve as a guide for those interested. Their primary "function * * * is educational and, at most, advisory” (Standard Scale Co. v Farrell, 249 US 571, 574 [1919]). The "specifications” required under section 131.15 (a) are, therefore, not rules having the force of law, but merely a detailed statement of various dimensions and materials involved in the manufacture and installation of window guards. It is reasonable for Health Code § 131.15 (a) to contain a provision for approval of specific types of window guards (Matter of Sorbonne Apts. Co. v Board of Health, 88 Misc 2d 970, 971-972 [Sup Ct, NY County 1976]).
Contrary to defendants’ assertions, the City Charter requires neither publication of such specifications in the City Record, filing of same with the City Clerk, nor providing a city-owned legal bookstore, e.g., "Citybooks”, with updated specifications (see, NY City Charter § 558 [g]; § 1105 [f]). It suffices for purposes of due process that the DOH had provided specifications as required under section 131.15 (a), which are available to the general public upon request and were easily obtainable by these defendants.
Defendants further maintain that Health Code §§ 3.09, 3.11 and 131.15 (a) are void for vagueness and therefore violative of their rights to due process in this action.
Duly enacted legislative statutes enjoy strong presumptions of constitutionality (People v Pagnotta, 25 NY2d 333, 337 [1969]), and the party alleging unconstitutionality of such a law has the heavy burden of proving its infirmity beyond a reasonable doubt (People v Bright, 71 NY2d 376, 382 [1988]; Matter of Van Berkel v Power, 16 NY2d 37, 40 [1965]). Courts of first instance should only invalidate legislative enactments in the most clear and convincing cases (People v Merriweather, 135 Misc 2d 998, 1000 [Dist Ct, Nassau County 1987]; McKin *948 ney’s Cons Laws of NY, Book 2, Constitution, Constitutional Interpretation §§ 43, 46, 47).
Constitutional challenges to legislative enactments on vagueness grounds require a two-pronged analysis. First, the challenged statute must afford a " ' "person of ordinary intelligence fair notice that [the] contemplated conduct is forbidden” ’ ”; second, the statute must provide " ' "explicit standards” ’ ” to avoid arbitrary or discriminatory enforcement (People v Nelson, 69 NY2d 302, 307 [1987]; see also, Kolender v Lawson, 461 US 352, 357 [1983]; Grayned v City of Rockford, 408 US 104, 108-109 [1972]; People v Bright, supra, at 382; People v Smith, 44 NY2d 613, 618 [1978]).
Defendants essentially base their claim as to the vagueness of Health Code § 131.15 (a) on the alleged indefiniteness of the term "required means of egress” found therein. Due process, however, only requires reasonable precision in legislative enactments. A statute need only be reasonably precise and is not held to "impossible standards” (People v Illardo, 48 NY2d 408, 414 [1979]; People v Cruz, 48 NY2d 419, 424 [1979], citing United States v Petrillo, 332 US 1, 6 [1947]). Ordinary statutory terms which convey " 'sufficiently definite warningfs] as to the proscribed conduct’ ” suffice (Roth v United States, 354 US 476, 491 [1957]; People v Illardo, supra).
The court reads the terms "required means of egress” in section 131.15 (a) to apply to any person requiring exit from first floor or fire escape windows of a dwelling, which do not require window guards under this subdivision. Thus, while the terms "required means of egress” are not precisely defined in section 131.15 (a), nor by the Health Code itself, these words retain their plain "everyday, commonsense meaning; and when construed accordingly, [are] sufficiently clear as to preclude a vagueness challenge” (People v Fulvio, 135 Misc 2d 93, 95 [Crim Ct, Bronx County 1987], citing People v Cully Realty, 109 Misc 2d 169 [App Term, 2d Dept 1981]).
Furthermore, under the Bright/Nelson two-part vagueness test, Health Code § 131.15 (a) clearly sets forth proscribed conduct in "sufficiently definite” language, by providing that acceptable window guards shall be provided, installed and maintained where children 10 years of age or under reside, and supplies "explicit standards” for proper enforcement, specifically, by stating that failure to so provide, install and maintain required window guards violates this subdivision (see, People v Bright, supra, at 382; People v Nelson, supra, at 307).
*949 Under count B of the information, defendants are charged with violating Health Code § 3.09 for allegedly failing "to reasonably act and take necessary precautions. to protect human life and health by failing to provide, install and maintain acceptable window guards at the subject premises.” Section 3.09 reads as follows:
"§ 3.09. General standards to protect health and safety; prohibited acts necessary acts and precautions
"No person shall do or assist in any act which is or may be detrimental to the public health or to the life or health of any individual unless the act is authorized by law. No person shall fail to do any reasonable act or take any necessary precaution to protect human life and health. ’’ (Emphasis added.)
Health Code § 3.09 is derived without substantive change from Sanitary Code § 181, which was upheld as constitutional in People on Complaint of Styler v Commonwealth Sanitation Co. (107 NYS2d 982, 985 [Magis Ct, Bronx County 1951]), which held that the terms used in Sanitary Code § 181, i.e., prohibiting careless and negligent acts as well as acts detrimental to health or dangerous to life, were sufficiently definite and certain for purposes of due process.
Applying the applicable two-pronged analysis for vagueness to Health Code § 3.09, the court presently finds the terms therein prohibiting all persons from failing "to do any reasonable act or take any necessary precaution to protect human life and health” sufficiently definite and certain to give a reasonable person "fair notice” that contemplated conduct, e.g., failure to provide, install or maintain window guards in certain windows where children 10 years of age or under reside, is a failure to protect the lives and health of such children in violation of section 3.09, and thereby provides "explicit standards”, i.e., by stating the terms "reasonable act[s]” or "necessary precaution[s]”, to adequately avoid arbitrary or discriminatory enforcement (People v Bright, 71 NY2d, at 382, supra; People v Nelson, 69 NY2d, at 307, supra).
With respect to count C of the information, defendants are charged with violating section 3.11 of the Health Code for allegedly maintaining "a nuisance by failing to provide, install, and maintain acceptable window guards” at the subject premises thereby "constituting a condition dangerous to human life and detrimental to health.” Section 3.11 provides: "No person shall commit or maintain a nuisance as defined in section 564-15.0 of the Administrative Code, and no person *950 shall allow such a nuisance to exist or to be created in respect of any matter, thing, chattel or premises which he owns or controls. ” (Emphasis added.)
Administrative Code of the City of New York § 17-142 (formerly § 564-15.0) defines “nuisance” as it relates, inter alia, to buildings or erections as follows: "The word 'nuisance’, shall be held to embrace public nuisance, as known at common law or in equity jurisprudence; whatever is dangerous to human life or detrimental to health; whatever building or erection, or part or cellar thereof, is overcrowded with occupants, or is not provided with adequate ingress and egress to and from the same or the apartments thereof, or is not sufficiently supported, ventilated, sewered, drained, cleaned or lighted in reference to its intended or actual use; and whatever renders the air or human food or drink, unwholesome. All such nuisances are hereby declared illegal”. (Emphasis added.)
First, section 3.11, taken together with Administrative Code § 17-142, sufficiently combine to give a person of ordinary intelligence, i.e., a reasonable person, fair notice that contemplated conduct such as failing to provide acceptable window guards where children 10 years old or younger reside constitutes a "nuisance” and, therefore, would violate these sections of the Health and Administrative Codes. Second, the terms used in section 3.11 "provide explicit” standards for nonarbitrary or nondiscriminatory enforcement by those so charged, since that section specifically provides for a definition of building or erection nuisances, i.e., by referring to Administrative Code § 17-142, and prohibiting existence or creation of such nuisances at premises a person owns or controls (see, People v Bright, supra, at 382; People v Nelson, supra, at 307).
The court finds defendants’ remaining contentions to be without merit, and cannot entertain possibilities that the statutes discussed herein "may be vague as applied in other hypothetical situations” (People v Nelson, supra, at 308).
In sum, defendants have failed to meet their burden in this case, and their motion to dismiss is accordingly denied.

 People v Portnoy, NYLJ, Apr. 27, 1988, at 13, col 2 (Crim Ct, Bronx County).