OPINION OF THE COURT
Alan L. Lebowitz, J.
This writing memorializes the court’s decision on September *765 8, 1994. At that time, this court denied the defendant’s motion to dismiss the charge against him finding Vehicle and Traffic Law § 511-d to be constitutional and a strict liability statute. The discussion that follows sets forth the legal basis for that decision.
The crux of the defendant’s argument was that Vehicle and Traffic Law § 511-d requires him to be given notice of license suspensions as an element of the crime. Specifically, the defendant argues that such a conclusion must be reached since (1) the statute clearly implies notice by referring to Vehicle and Traffic Law § 226 (3), (2) the legislative history indicates notice is required, and (3) imposing strict liability would violate the defendant’s due process rights. Moreover, the defendant asserts that the prosecution under Vehicle and Traffic Law § 511-d for any of his suspensions prior to November 1, 1993, violates the express wording of the statute and the Ex Post Facto Clause of the United States Constitution (art I, § 9, cl [3]), and is therefore unconstitutional. *
In response, the People contend that generally strict liability statutes are constitutional. More specifically, the People assert that Vehicle and Traffic Law § 511-d is a strict liability statute which on its face does not require notice and such a reading of the statute is supported by the legislative history.
CONSTITUTIONALITY
Legislative enactments are imbued with a strong presumption of constitutionality and will not be held unconstitutional unless the party asserting such argument meets its heavy burden of proving the infirmity beyond a reasonable doubt. (People v Pagnotta, 25 NY2d 333, 337 [1969]; People v Portnoy, 140 Misc 2d 945, 947 [1988]; McKinney’s Cons Laws of NY, Book 2, Constitution, Constitutionality of Statutes, §§ 43, 46.)
It is well settled that a court of first impression should not ordinarily set aside a legislative enactment unless such conclusion is inescapable. (People v Portnoy, supra, at 947; People v Merriweather, 135 Misc 2d 998, 1001 [1987]; McKinney’s Cons Laws of NY, Book 2, Constitution, Constitutionality of Statutes, §§ 43, 46, 47.) Notwithstanding the fact that the defendant’s liberty is at stake, this is not one of those cases where the invalidity of the act is apparent on its face. (Na *766 tional Psychological Assn. for Psychoanalysis v University of State of N. Y., 18 Misc 2d 722, 725-726 [Sup Ct, NY County 1959], affd 10 AD2d 688 [1st Dept 1960], affd 8 NY2d 197 [1960], appeal dismissed 365 US 298 [1961]; People v Pace, 111 Misc 2d 488, 490-491 [1981]; McKinney’s Cons Laws of NY, Book 2, Constitution, Constitutionality of Statutes, § 46.)
Accordingly, this court finds that the issue should be preserved for higher authority and declines to rule on this matter which is more properly within the prerogative of the appellate tribunals and the State Legislature. However, if this court were to address the issue it would find Vehicle and Traffic Law § 511-d to be constitutional.
VEHICLE AND TRAFFIC LAW § 511-d: STRICT LIABILITY STATUTE
At the outset, it should be noted that the validity of strict liability statutes, proscribing behavior affecting public safety, health and morals, or social welfare, have repeatedly been upheld. (See, eg., People v Mitchell, 77 NY2d 624 [1991]; People v Anyakora, 162 Misc 2d 47 [Sup Ct, NY County 1993]; People v Simon, 148 Misc 2d 845 [Crim Ct, Bronx County 1990].)
The legislative history of Vehicle and Traffic Law § 511-d sheds light on the Legislature’s desire to protect the public from motorists with multiple license suspensions who could not be arrested unless it was legally established that he operated a vehicle while his license was suspended. (See, NY Assembly Mem in support of legislation which adopted language of the Mem of City of NY Office of Mayor, dated July 7, 1993, 1993 McKinney’s Session Laws of NY, at 2701.)
As the New York State Assembly Memorandum in support of the legislation stated, in pertinent part (id., at 2702): "This proposal addresses [the aforementioned] problem by creating a new misdemeanor — Aggravated failure to answer appearance tickets. This provision would simplify the act of arresting a motorist who has demonstrated contempt for the Traffic Violations Bureau by sustaining ten or more suspensions for failure to answer a summons. Arrest warrants could be obtained to facilitate the apprehension of said motorists before they have the opportunity to get behind the wheel. The violator would be subject to up to six months in jail.”
By enacting this legislation, the simplest way to facilitate the apprehension of "scofflaws” and prevent them from getting behind the wheel, where they could do real damage, *767 would be to exclude mental culpability from the statute and make it a strict liability crime. Such a reading of the statute is supported by the fact that Assembly Bill No. 8339-C (1993 NY ALS 607; L 1993, ch 607; 1993 NY AN 8339) enacting Vehicle and Traffic Law § 511-d also amended Vehicle and Traffic Law § 214: proof of mailing of notice of suspension, revocation or order entered upon the failure to appear or answer; Vehicle and Traffic Law § 226 by adding subdivision (3) (b) which included a notice provision. Moreover, Vehicle and Traffic Law § 511 does include a mental culpability requirement. This section provides that a crime is committed when the defendant drives on a public highway while knowing or having reason to know that his license is suspended. Notwithstanding these facts, the Legislature chose not to specifically include a mental culpability requirement in Vehicle and Traffic Law § 511-d.
The court is mindful of the stated reasons for enacting Vehicle and Traffic Law § 511-d, but finds that it is unnecessary to resort to this extrinsic matter to construe the statute.
"A statute must be construed according to the ordinary meaning of its words * * * and resort to extrinsic matter, such as the legislative history, is inappropriate when the statutory language is unambiguous and the meaning unequivocal.” (Matter of Daniel C., 99 AD2d 35, 41 [2d Dept 1984], affd 63 NY2d 927 [1984] [citation omitted]; McKinney’s Cons Laws of NY, Book 1, Statutes § 92 [b]; § 94.)
The central issue before this court is whether Vehicle and Traffic Law § 511-d is a strict liability statute. Penal Law § 15.10 sets forth the requirements for criminal liability for offenses of strict liability and mental culpability. Penal Law § 15.10 must be read in conjunction with Penal Law § 15.15 (2), which sets forth how statutes are to be construed with respect to the culpability requirement.
Penal Law § 15.10 provides that: "The minimal requirement for criminal liability is the performance by a person of conduct which includes a voluntary act or the omission to perform an act which he is physically capable of performing. If such conduct is all that is required for commission of a particular offense, or if an offense or some material element thereof does not require a culpable mental state on the part of the actor, such offense is one of 'strict liability’. If a culpable mental state on the part of the actor is required with respect to every material element of an offense, such offense is one of 'mental culpability’.”
*768 Penal Law § 15.15 (2) provides that: "Although no culpable mental state is expressly designated in a statute defining an offense, a culpable mental state may nevertheless be required for the commission of such offense, or with respect to some or all of the material elements thereof, if the proscribed conduct necessarily involves such culpable mental state. A statute defining a crime, unless clearly indicating a legislative intent to impose strict liability, should be construed as defining a crime of mental culpability. This subdivision applies to offenses defined both in and outside this chapter.”
Bearing in mind these principles of statutory construction, the court finds that Vehicle and Traffic Law § 511-d is a strict liability statute. Vehicle and Traffic Law § 511-d (1) provides that: "A person is guilty of the offense of aggravated failure to answer appearance tickets or pay fines imposed when such person has in effect twenty or more suspensions, imposed on at least twenty separate dates, for failure to answer, appear or pay a fine pursuant to subdivision three of section two hundred twenty-six or subdivision four-a of section five hundred ten of this chapter.” The Legislature clearly omitted from Vehicle and Traffic Law § 511-d any language referring to mental culpability.
The defendant correctly asserts that Vehicle and Traffic Law § 511-d must be read in conjunction with Vehicle and Traffic Law § 226. The defendant suggests that Vehicle and Traffic Law § 511-d’s reference to Vehicle and Traffic Law § 226 builds the notice requirement into Vehicle and Traffic Law § 511-d. This court disagrees as the defendant’s reliance on Vehicle and Traffic Law § 226 (3) (b) is misplaced. Vehicle and Traffic Law § 226 (3) is composed of two paragraphs. Paragraph (a) of Vehicle and Traffic Law § 226 (3) pertains to the suspension of the privilege to drive for failing to answer a summons. This paragraph does not contain a notice requirement. Whereas, paragraph (b) of Vehicle and Traffic Law § 226 (3) pertains to an enhanced penalty beyond the mere suspension of a license to drive. This paragraph imposes an affirmative sanction and a deemed admission of guilt for failing to answer or appear. Since this paragraph provides for a default conviction in absentia, it contains a notice requirement to protect a defendant’s Fourteenth Amendment due process rights.
*769 Given the fact that the People have stated they are not proceeding against the defendant pursuant to Vehicle and Traffic Law § 226 (3) (b), but rather Vehicle and Traffic Law § 226 (3) (a), this court finds, under these circumstances, that Vehicle and Traffic Law § 511-d is a strict liability statute and proof of notice of suspensions is not required.

 The court did not consider any of the suspensions that occurred prior to November 1, 1993, the effective date of Vehicle and Traffic Law § 511-d, and therefore defendant’s ex post facto argument is moot.