OPINION OF THE COURT
Harold Adler, J.
The defendant, in a case of apparent first impression, has articulated strong arguments as to why Vehicle and Traffic Law § 511-d (aggravated failure to answer appearance tickets or pay fines imposed) should be declared unconstitutional. That section makes it a misdemeanor to have in effect 20 or more license suspensions imposed for failure to answer, appear or pay a fine. Notice of this proceeding has been served upon the Attorney General, who has not responded.
The defendant stands charged with violating Vehicle and Traffic Law § 511-d and Administrative Code of the City of New York § 10-125 (consumption of alcohol on streets) and moves for dismissal of the charge of Vehicle and Traffic Law § 511-d on the ground that the statute is unconstitutional.
Vehicle and Traffic Law § 511-d reads:
“1. A person is guilty of the offense of aggravated failure to answer appearance tickets or pay fines imposed when such person has in effect twenty or more suspensions, imposed on at least twenty separate dates, for failure to answer, appear or pay a fine pursuant to subdivision three of section two hundred twenty-six or subdivision four-a of section five hundred ten of this chapter.
“2. A person may be prosecuted for a violation of this section in any court of competent jurisdiction in any county: (a) in which more than ten tickets which resulted in suspension for failures to answer, appear or pay fines were issued, or (b) in which the twentieth or any subsequent ticket which resulted in a suspension for failure to answer, appear or pay a fine was issued. The provisions of this subdivision shall not apply to any suspension which has been terminated prior to the defendant’s being charged with a violation of this section.
“3. Aggravated failure to answer appearance tickets or pay fines imposed is a misdemeanor. When a person is convicted of this crime, the sentence of the court must be: (i) a fine of not less than five hundred dollars; or (ii) a term of imprisonment of not more than one hundred eighty days; or (iii) both such fine and imprisonment.”
The defendant argues that Vehicle and Traffic Law § 511-d is unconstitutional because:
*782 (1) It violates the constitutional right against double jeopardy;
(2) By punishing a status or condition rather than an act, it violates the prohibition against cruel and unusual punishment and it denies due process;
(3) Because the statute defines the crime as continuing indefinitely, it fails to set forth guidance as to when or if the Statute of Limitations runs;
(4) By authorizing imposition of a loss of liberty as a sanction for failure to pay fines regardless of ability to pay, it violates the right to due process and equal protection of the law.
To begin with, it must be noted that legislative enactments are imbued with a strong presumption of constitutionality and shall not be held unconstitutional unless the argument put forth by the challenging party meets its heavy burden of proving the infirmity beyond a reasonable doubt. (People v Pagnotta, 25 NY2d 333, 337 [1969]; People v Griffin, 162 Misc 2d 764, 765 [Crim Ct, Kings County 1994]; McKinney’s Cons Laws of NY, Book 2, Constitution, Constitutional Interpretation §§ 43, 46 [1969 ed].) Moreover, a court of first impression should not ordinarily set aside a legislative enactment unless such conclusion is inescapable. (People v Merriweather, 135 Misc 2d 998 [1987]; McKinney’s Cons Laws of NY, Book 2, Constitution, Constitutional Interpretation §§ 43, 46, 47 [1969 ed].)
(1) DOUBLE JEOPARDY
The defense argues that Vehicle and Traffic Law § 511-d violates the constitutional protection against double jeopardy because it authorizes a second prosecution for conduct that has already resulted in a prosecution. They argue that a defendant is first prosecuted under Vehicle and Traffic Law § 226 (3) and/or § 510 (4) (a) for his or her failure to appear, answer or pay a fine. Therefore, prosecution under Vehicle and Traffic Law § 511-d for having 20 or more suspensions constitutes double jeopardy because a defendant is being prosecuted twice for the same conduct.
Article I, § 6 of the New York Constitution states that “[n]o person shall be subject to be twice put in jeopardy for the same offense.” This has been codified in CPL 40.20 (1), which states that “[a] person may not be twice prosecuted for the same offense.” Further, the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution provides against a second prosecution for the same offense following conviction *783 and provides protection against multiple punishments for the same offense. (See, North Carolina v Pearce, 395 US 711, 717; Benton v Maryland, 395 US 784; Helvering v Mitchell, 303 US 391, 399; Matter of Barnes v Tofany, 27 NY2d 74, 77-78.)
CPL article 40 sets forth New York’s statutory protection against double jeopardy. “The statutory protection * * * is broader than the coverage of the federal (5th Amendment) or New York (Art. 1, § 6) constitutional guarantees as construed in judicial decisions.” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 40.10, at 303.)
CPL 40.20 (2) states the general rule that “[a] person may not be separately prosecuted for two offenses based upon the same act or criminal transaction.” The definition of what constitutes a “previous prosecution” is found in CPL 40.30 (1):
“Except as otherwise provided in this section, a person ‘is prosecuted’ for an offense, within the meaning of section 40.20, when he is charged therewith by an accusatory instrument filed in a court of this state or of any jurisdiction within the United States, and when the action either:
“(a) Terminates in a conviction upon a plea of guilty; or
“(b) Proceeds to the trial stage and a jury has been impaneled and sworn or, in the case of a trial by the court without a jury, a witness is sworn.”
Neither the defense nor the People address the issue of whether the suspension of a license under Vehicle and Traffic Law § 226 (3) or § 510 (4) (a) constitutes a prosecution pursuant to CPL 40.30 (1). Upon sua sponte examination of this issue, this court concludes that such suspension does not constitute a prosecution because it neither “[t] erminates in a conviction upon a plea of guilty” nor “[p]roceeds to the trial stage and a jury * * * impaneled and sworn or, in the case of a trial by the court without a jury, a witness is sworn.” (CPL 40.30 [1] [a], [b].)
Further, even if the suspension of a license under Vehicle and Traffic Law § 226 (3) or § 510 (4) (a) did constitute a prosecution pursuant to CPL 40.30 (1), further prosecution under Vehicle and Traffic Law § 511-d would not be barred by double jeopardy principles.
The United States Supreme Court in Blockburger v United States (284 US 299, 304 [1932]) set forth a double jeopardy test which states, in pertinent part: “where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are *784 two offenses or only one, is whether each provision requires proof of a fact which the other does not.” Thus, if one of the offenses requires proof of an additional fact, then double jeopardy is not violated. (Blockburger v United States, 284 US, at 304; see, People v Prescott, 66 NY2d 216; see also, United States v Livoti, 8 F Supp 2d 246, 247 [SD NY 1998].)
The defense argues that a person prosecuted under Vehicle and Traffic Law § 511-d is being prosecuted, for the same act or omission for which he or she was previously prosecuted and punished. New York’s statutory double jeopardy provision, CPL 40.20, which provides broader protections than either the State or Federal Constitution (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 40.20, at 307-311), generally prohibits successive prosecutions for two offenses based on a single act or criminal transaction. (See, People v Abbamonte, 43 NY2d 74, 81 [1977].) However, that statute specifically permits sequential prosecutions for offenses arising from the same criminal transaction if “[e]ach of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil.” (CPL 40.20 [2] [b]; see, People v Bryant, 92 NY2d 216, 227 [1998]; Matter of Kessler v Sherman, 41 NY2d 851; see also, United States v Gore, 154 F3d 34, 44 [2d Cir 1998].)
In the current case, CPL 40.20 would not bar prosecution even if suspension of a license pursuant to Vehicle and Traffic Law § 226 (3) and § 510 (4) (a) constituted a prosecution. Prosecution under Vehicle and Traffic Law § 511-d requires different elements than section 226 (3) and section 510 (4) (a). The proof necessary for a suspension under section 226 (3) and section 510 (4) (a) is that a person failed to answer, appear or pay a certain fine. The proof necessary for prosecution under Vehicle and Traffic Law § 511-d is that a person has in effect 20 or more suspensions, imposed on at least 20 separate dates, for failure to answer, appear or pay a fine. A suspension does not relieve the duty to appear and pay the fine, which is a continuing obligation.
Also, the legislative purpose of Vehicle and Traffic Law § 511-d differs from that of the underlying statutes. The legislative purpose of the underlying statutes, Vehicle and Traffic Law § 226 (3) and § 510 (4) (a), is to suspend or revoke driving privileges where a person fails to answer, appear or pay a fine. As to the legislative purpose of Vehicle and Traffic Law § 511-d, a memorandum in support of the proposed Vehicle and Traffic *785 Law § 511-d legislation reads: “Under existing law, a motorist could have an infinite number of suspensions for failure to answer a summons, but cannot be arrested unless it is legally established that he operated a vehicle while his license was suspended. This proposal addresses that problem by creating a new misdemeanor — Aggravated failure to answer appearance tickets. This provision would simplify the act of arresting a motorist who has demonstrated contempt for the Traffic Violations Bureau by sustaining ten or more suspensions for failure to answer a summons. Arrest warrants could be obtained to facilitate the apprehension of said motorists before they have the opportunity to get behind the wheel. The violator would be subject to up to six months in jail.” (Mem of Legislative Representative of City of NY, 1993 McKinney’s Session Laws of NY, at 2702.)
This memorandum, as well as the language of the statute itself, makes clear that the purpose of Vehicle and Traffic Law § 511-d is to prosecute persons who show contempt for our system of driver regulation by accumulating numerous suspensions. The statutory provisions defining Vehicle and Traffic Law § 511-d are designed to prevent very different kinds of harm or evil than those of section 226 (3) and section 510 (4) (a). Thus, even if the suspension of a license under section 226 (3) and section 510 (4) (a) were to constitute a prosecution (which, as discussed above, it does not), further prosecution under Vehicle and Traffic Law § 511-d does not violate CPL 40.20 double jeopardy protections.
(2) ACTUS REUS
The defense argues that Vehicle and Traffic Law § 511-d is unconstitutional because it is not based on an act, but on a status or condition. Prosecution under this statute, the defense argues, constitutes cruel and unusual punishment and violates due process.
A due process violation occurs when an individual is deprived of his life, liberty or property through a procedure which is so vague and indefinite that it is really not a rule or standard at all. (See, Franza v Carey, 518 F Supp 324, 333 [SD NY 1981].) To meet due process standards a statute must make it reasonably clear what conduct constitutes a violation and it must provide sufficient enforcement standards to prevent arbitrary and discriminatory enforcement. (See, Franza v Carey, supra, at 344.) This court is not convinced that Vehicle and Traffic Law § 511-d violates due process principles.
*786 Penal Law § 15.10 reads: “[t]he minimal requirement for criminal liability is the performance by a person of conduct which includes a voluntary act or the omission to perform an act which he is physically capable of performing.” (Emphasis added.) Vehicle and Traffic Law § 511-d establishes criminal liability for an omission — the failure to respond to appearance tickets or to pay certain fines. The defense has not shown that Vehicle and Traffic Law § 511-d is unconstitutionally vague or indefinite, that it constitutes cruel and inhuman punishment, or that it violates due process.
(3) A CONTINUOUS CRIME
Thus, the defense claims that Vehicle and Traffic Law § 511-d is a “continuous crime,” yet it requires no continuing act. It has no Statute of Limitations and it is constitutionally over-broad and violates due process and equal protection.
An equal protection violation occurs when similarly situated people are denied equal protection or equal access to the same resources due to classifications. (See, Beatie v City of New York, 123 F3d 707, 711 [2d Cir 1997].) The defense’s arguments do not show that Vehicle and Traffic Law § 511-d violates due process or equal protection principles.
Next, while the defense states that Vehicle and Traffic Law § 511-d has no Statute of Limitations, they do not offer any arguments in support of this proposition. CPL 30.10 provides periods in which all criminal actions must be commenced, depending on the type of crime charged. Pursuant to CPL 30.10 (2) (c), a prosecution for a misdemeanor must be commenced within two years after the commission thereof. Clearly, Vehicle and Traffic Law § 511-d, which is a misdemeanor, is subject to this Statute of Limitations.
(4) INABILITY TO PAY
The defense argues that because Vehicle and Traffic Law § 511-d authorizes imprisonment for nonpayment of a fine, even if nonpayment results from an inability to pay, it violates due process and equal protection principles. As noted above, a due process violation occurs when an individual is deprived of his life, liberty or property through a procedure that is so vague and indefinite that it is really not a rule or standard at all. (See, Franza v Carey, 518 F Supp 324, 333 [SD NY 1981], supra.) An equal protection violation occurs when, due to classifications, similarly situated people are denied equal protection or equal access to the same resources. (See, Beatie v City of New York, 123 F3d 707, 711 [2d Cir 1997], supra.)
*787 The People respond that because Vehicle and Traffic Law § 511-d involves neither a fundamental right, nor a suspect class, it is subject to the “rational relationship to a legitimate governmental interest” review. Because Vehicle and Traffic Law § 511-d has a rational relationship to a legitimate governmental interest, it does not violate equal protection principles.
The Supreme Court has held that a State cannot impose a fine and then automatically convert it into a jail term solely because defendant is indigent and cannot forthwith pay the fine in full. (Tate v Short, 401 US 395; Williams v Illinois, 399 US 235.) A defendant who claims an inability to pay the fines imposed is entitled to an evidentiary hearing to ascertain the validity of the claim. (Bearden v Georgia, 461 US 660; People v Sherman, 35 NY2d 931, revg 43 AD2d 575; People v McArdle, 70 AD2d 600 [1979].) If the court, upon such hearing, finds that the defendant willfully refused to pay or failed to make sufficient efforts to legally acquire the resources to pay, the court may resentence a defendant to imprisonment within the authorized range of its sentencing authority. (See, People v McArdle, 55 NY2d 639 [1981]; see also, People v Montero, 124 Misc 2d 1020 [App Term, 2d Dept 1984].)
In Bearden v Georgia (461 US 660, 672-673, supra) the Court wrote: “[I]n revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternative measures of punishment other than imprisonment. Only if alternative measures are not adequate to meet the State’s interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment.”
Clearly, it violates constitutional principles to incarcerate as an alternative to payment a defendant unable to pay through no fault of his own. By authorizing prosecution for failing to pay fines, Vehicle and Traffic Law § 511-d is exposing *788 a defendant to possible incarceration. Without a proper hearing on the issue of the defendant’s ability to pay the fines, the defendant’s constitutional rights would be jeopardized. The mechanism for this hearing is found in CPL 420.10 (5). That section reads, in part:
“5. Application for resentence. In any case where the defendant is unable to pay a fine, restitution or reparation imposed by the court, he may at any time apply to the court for resentence. In such case, if the court is satisfied that the defendant is unable to pay the fine, restitution or reparation it must: “(a) Adjust the terms of payment; or
“(b) Lower the amount of the fine, restitution or reparation; or
“(c) Where the sentence consists of probation or imprisonment and a fine, restitution or reparation, revoke the portion of the sentence imposing the fine, restitution or reparation; or
“(d) Revoke the entire sentence imposed and resentence the defendant. Upon such resentence the court may impose any sentence it originally could have imposed, except that the amount of any fine, restitution or reparation imposed may not be in excess of the amount the defendant is able to pay.”
This mechanism protects against incarceration as an alternative to payment for a defendant unable to pay through no fault of his own.
(5) EX POST FACTO
This court’s concern about the constitutionality of Vehicle and Traffic Law § 511-d has led it to examine additional aspects of that section. First, this court was concerned that the section might constitute an ex post facto law. This concern stemmed from the possibility that the statute could be applied where some of the defendant’s license suspensions were imposed before its effective date. However, the statute bars this. The effective date of the statute reads: “Section effective Nov. 1, 1993, with subdivision 1 of this section applicable to suspensions imposed for failure to answer, appear or pay a fine pursuant to subdivision 3 of section 226 or subdivision 4-a of section 510 of the Vehicle and Trafile Law after said effective date” (Historical and Statutory Notes, McKinney’s Cons Laws of NY, Book 62A, Vehicle and Traffic Law § 511-d, at 387). Thus, only suspensions imposed after the effective date of Vehicle and Traffic Law § 511-d may be the basis for prosecution under this section.
*789 (6) THE DEFENDANT’S PROBATION
The defendant in this case is on felony probation for driving with a suspended license in violation of Vehicle and Traffic Law § 511 (1) and (3). This is what first drew this court’s attention to the issue of double jeopardy and caused the court to alert the parties to constitutional issues. Arguments could be made that prosecution in the current case violates double jeopardy because the defendant has already been convicted of driving with a suspended license under section 511 (1) and (3). This argument may be particularly compelling if the current prosecution is based upon the exact same suspensions used in the previous prosecution. However, neither party addressed this issue and it is therefore not before this court.
Lastly, although the defendant was on probation for violating Vehicle and Traffic Law § 511 (1) and (3), he was allowed to continue to neglect the issue of the suspensions. This court finds this most troubling. The real culprit here may have been the Department of Probation, who, if it was supervising the defendant properly, would have informed him of the need to resolve the suspensions and would have assisted him in working toward that goal, so as to prevent the current prosecution.
Accordingly, the defendant’s motion to dismiss on the ground that Vehicle and Traffic Law § 511-d is unconstitutional is denied.