*306 OPINION OF THE COURT
Per Curiam.
In People v Nelson et al., each of the defendants was charged with jostling (Penal Law § 165.25)* in Criminal Court informations. Police officers allegedly observed each of them patting down victims’ pockets, reaching to purposely touch handbags, putting their hands into other people’s pockets or crowding victims or acting as lookouts while their companions took these actions. On defendants’ motions, Criminal Court dismissed the informations, holding the jostling statute void for vagueness. The Appellate Term reversed, denied defendants’ motions to dismiss and reinstated the informations.
Defendant Tyler was convicted of jostling after a jury trial. The evidence presented to the jury indicated that defendant had placed his hands inside two of the pockets of a man who was lying drunk and asleep on a subway platform. The Appellate Term affirmed the conviction, citing People v Nelson.
*307 An officer allegedly observed defendant Robinson patting down two pockets of a sleeping subway passenger, placing his hands inside the man’s pants pocket and attempting to remove money. Criminal Court dismissed the misdemeanor complaint on the ground that the People were required to submit a corroborating affidavit by the victim. The Appellate Term reversed, reinstated the accusatory instrument and remanded the matter for further proceedings.
On appeal, defendants argue primarily that the jostling statute (Penal Law § 165.25) is void for vagueness. In People v Tyler and People v Robinson this issue is not preserved and, thus, our review of the issue is limited to People v Nelson et al.
A vagueness challenge involves a two-part analysis. First, it must be determined whether the statute in question is "sufficiently definite 'to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute’ ” (People v Smith, 44 NY2d 613, 618, quoting United States v Harriss, 347 US 612, 617). Citizens must be afforded fair warning of what is prohibited by law so that they may act accordingly (Grayned v City of Rockford, 408 US 104, 108-109). Second, a statute " 'must provide explicit standards for those who apply them’ so as to avoid 'resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application’ ” (People v Smith, supra, at 618, quoting Grayned v City of Rockford, supra, at 108-109). The Constitution abhors a law placing unfettered discretion in the hands of police, prosecutors and juries and allowing punishment of the poor or unpopular on a whim (Kolender v Lawson, 461 US 352, 357-358; Papachristou v City of Jacksonville, 405 US 156). Defendants allege that Penal Law § 165.25 runs afoul of both of these concerns. We disagree.
Unlike statutes which have been declared void for vagueness because they provide insufficient warning to the person of ordinary intelligence (see, e.g., Papachristou v City of Jacksonville, supra), Penal Law § 165.25 clearly delineates specific conduct easily avoided by the innocent-minded. It should present no difficulty for a citizen to comprehend that he must refrain from acting with the intent to bring his hand into the proximity of a stranger’s pocket or handbag unnecessarily. Moreover, contrary to defendants’ claim, the statute is no more difficult to interpret and obey because it does not require larcenous intent. Penal Law § 165.25 prohibits a certain inten *308 tional course of conduct regardless of the wrongdoer’s underlying purpose or motive.
Defendants concern themselves with possible applications of the word "unnecessarily” which would be outside the statute’s intended realm, such as tugging on another’s handbag to gain that person’s attention. It has often been said, however, that, except in rare circumstances not relevant here, a vagueness challenge must be addressed to the facts before the court (United States v Mazurie, 419 US 544, 550; United States v Raines, 362 US 17, 20-22; see, Broadrick v Oklahoma, 413 US 601, 610-611). Thus, if the actions of the defendants are plainly within the ambit of the statute, the court will not strain to imagine marginal situations in which the application of the statute is not so clear (Young v American Mini Theatres, 427 US 50, 58-59, reh denied 429 US 873; United States v Powell, 423 US 87, 93). Here, defendants do not, nor could they, argue that their own acts should be interpreted as necessary. Therefore, any element of vagueness in this statute has had no effect on these defendants and they have no standing to complain of it (Young v American Mini Theatres, supra, at 59). This court cannot consider the possibility that the statute may be vague as applied in other hypothetical situations.
Nor does Penal Law § 165.25 encourage arbitrary or discriminatory application. The law, easily followed by most citizens of this State, provides objective criteria which must be observed by a police officer prior to arrest. It is not dependent upon the subjective conclusions of a complainant or an arresting officer as to what is annoying (Coates v City of Cincinnati, 402 US 611; People v New York Trap Rock Corp., 57 NY2d 371) or suspicious (People v Berck, 32 NY2d 567, cert denied 414 US 1093). This is not a statute which casts such a large net that it allows officials to round up those they have concluded to be undesirable (see, e.g., Papachristou v City of Jacksonville, supra). On the contrary, a person may be arrested pursuant to Penal Law § 165.25 if the police have probable cause to believe, based upon observable conduct, that defendant unnecessarily and intentionally placed his hand in the proximity of another’s pocket or handbag.
We have examined the remaining contentions of the defen *309 dants in each case and have found those which are preserved to be without merit.
The orders of the Appellate Term should be affirmed.
Chief Judge Wachtler and Judges Simons, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion; Judges Kaye and Alexander taking no part.
In each case: Orders affirmed.

Penal Law § 165.25 provides:
"A person is guilty of jostling when, in a public place, he intentionally and unnecessarily:
"1. Places his hand in the proximity of a person’s pocket or handbag; or
"2. Jostles or crowds another person at a time when a third person’s hand is in the proximity of such person’s pocket or handbag.”