■ In the Matter of COREY B., Also Known as COREY W., Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of

disposition of the Family Court, Queens County (Torres, J.), dated May 23, 1986, which, upon a fact-finding order dated February 20, 1986, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of jostling, placed him with the Division for Youth, Title III. The appeal brings up for review the fact-finding order dated February 20, 1986.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant's challenge to the constitutionality of the jostling statute (see, Penal Law § 165.25 [1]) on the ground of vagueness has been recently rejected by the Court of Appeals in *People v Nelson* (69 NY2d 302).

We reject the appellant's additional constitutional objection that the jostling statute is fatally overbroad. Although "any criminal statute penalizes conduct and may, in the abstract, be said to impinge on speech or association in some fashion" *(People v Smith,* 44 NY2d 613, 623), it cannot be said that the overbreadth of the jostling statute is both real and substantial when "judged in relation to the statute's plainly legitimate sweep" *(Broadrick v Oklahoma,* 413 US 601, 615; *see also, People v Nelson, supra).*

We further find that Penal Law § 165.25 (1) is not unconstitutional as applied to the appellant. A police officer, whose testimony was found credible by the hearing court, observed the appellant riding a rush hour train one stop from 23rd Street in Queens to Lexington Avenue in Manhattan and then back to 23rd Street in Queens. While en route back to Queens, the appellant positioned himself directly behind a woman until there was no space left between them. The appellant then placed his hand directly above the woman's open handbag. Such actions, observed by a trained law enforcement officer, under the circumstances of this case, were sufficient to justify the officer's conclusion that the appellant had "intentionally and unnecessarily" placed his hand in the proximity of the woman's handbag (see, Penal Law § 165.25 [1]). Moreover, contrary to the appellant's contention, we find that the evidence was sufficient to establish his guilt beyond a reasonable doubt.

Since we find that the statute is constitutional as applied to the appellant's conduct, he lacks the requisite standing to challenge the statute on the ground that it might be applied unconstitutionally to others *(see, People v Nelson, supra).* Brown, J. P., Lawrence, Eiber and Sullivan, JJ., concur.