*84 OPINION OF THE COURT
Per Curiam.
Order entered April 4, 2000 reversed, on the law, defendant’s motion to dismiss denied, and the accusatory instrument is reinstated.
This criminal prosecution stems from police allegations that defendant, in exchange for money, “swipe [d]” a Metrocard through the turnstile of a New York City subway station “in order to allow [two] individuals to enter the subway station * * * without permission or authority to do so,” and that defendant did not thereupon enter the subway station. Defendant was charged with violating New York City Transit Authority Rules (21 NYCRR) § 1050.4 (c), which states: “Except for employees of the authority acting within the scope of their employment, no person shall sell, provide, copy, reproduce or produce, or create any version of any fare media or otherwise authorize access to or use of the facilities, conveyances or services of the authority without * * * written permission.”*
We find unavailing defendant’s assertion that Transit Authority Rules (21 NYCRR) § 1050.4 (c) is unconstitutionally vague. In our view, the rule provides sufficient notice that it is unlawful to allow others access to transit authority facilities by selling or otherwise commercializing in “fare media” — a term unambiguously defined to include “passes” and “farecards” (21 NYCRR 1050.2 [i]) — and is not written in a manner that encourages arbitrary or discriminatory enforcement (see, Grayned v City of Rockford, 408 US 104, 108-109; United States v Har-riss, 347 US 612, 617; People v Nelson, 69 NY2d 302, 307; People v Smith, 44 NY2d 613, 618). Defendant’s stated concerns over theoretical applications of the Transit Authority Rules which potentially might criminalize good Samaritan or other “innocent” acts outside the rule’s intended reach, are insufficient to sustain his vagueness challenge. “[EJxcept in rare circumstances not relevant here, a vagueness challenge must be addressed to the facts before the court * * * . Thus, if the actions of the defendant * * * are plainly within the ambit of the [rule], the court will not strain to imagine marginal situations in which the application of the [rule] is not so clear” (People v Nelson, supra at 308). Observed collecting money from and facilitating the entry of other persons into a subway station *85 that he himself did not enter, defendant lacks standing to complain of any perceived element of vagueness in the Transit Authority rule here under scrutiny (see, People v Nelson, supra). To the extent that People v Webb (184 Misc 2d 508) supports a contrary result, it should not be followed.
Harness, P.J., Davis and Suarez, JJ., concur.

 A violation of the Transit Authority Rules is punishable in Criminal Court by a maximum fine of $25 and/or a maximum jail term of 10 days (21 NYCRR 1050.10).