In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Spencer D., a sex offender allegedly suffering from a mental abnormality and requiring civil management, Spencer D. appeals from an order of the Supreme Court, Westchester County (Cacace, J.), dated May 25, 2011, which, upon a finding, made after a nonjury trial, that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and a determination, made after a dispositional hearing, that he is a sex offender requiring strict and intensive supervision, in effect, granted the petition and directed that he be subject to a regimen of strict and intensive supervision and treatment.
Ordered that the order is affirmed, without costs or disbursements.
Following a nonjury trial, the Supreme Court found that Spencer D. (hereinafter the appellant) suffers from a mental abnormality within the meaning of Mental Hygiene Law § 10.03 (i) and, after a dispositional hearing, determined that he is a sex offender requiring strict and intensive supervision. In the order appealed from, the Supreme Court, in effect, granted the State of New York’s petition for the civil management of the appellant, and directed that he be subject to a regimen of strict and intensive supervision and treatment.
*769 On appeal, the appellant contends that the term “mental abnormality” as defined in Mental Hygiene Law § 10.03 (i) is unconstitutionally vague both on its face and as applied to him. A “mental abnormality” is defined as “a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct” (Mental Hygiene Law § 10.03 [i]).
“[C]ivil as well as penal statutes can be tested for vagueness under the due process clause” (Montgomery v Daniels, 38 NY2d 41, 58 [1975]; see Matter of Kaur v New York State Urban Dev. Corp., 15 NY3d 235, 256 [2010], cert denied sub nom. Tuck-It-Away, Inc. v New York State Urban Dev. Corp., 562 US —, 131 S Ct 822 [2010]; Goldberg v Corcoran, 153 AD2d 113, 118-119 [1989]). “In addressing vagueness challenges, courts have developed a two-part test. The first essentially restates the classical notice doctrine: To ensure that no person is punished for conduct not reasonably understood to be prohibited, the court must determine whether the statute in question is sufficiently definite to give a person of ordinary intelligence fair notice that [her or] his contemplated conduct is forbidden by the statute” (People v Stuart, 100 NY2d 412, 420 [2003] [internal quotation marks omitted]; see Grayned v City of Rockford, 408 US 104, 108-109 [1972]; People v Nelson, 69 NY2d 302, 307 [1987]; Town of Islip v Caviglia, 141 AD2d 148, 163 [1988], affd 73 NY2d 544 [1989]). “Second, the court must determine whether the enactment provides officials with clear standards for enforcement” (People v Stuart, 100 NY2d at 420; see Grayned v City of Rockford, 408 US at 109; People v Nelson, 69 NY2d at 307; Town of Islip v Caviglia, 141 AD2d at 163).
A statute may be challenged as unconstitutionally vague on its face or as applied (see People v Stuart, 100 NY2d at 421). A challenge to a statue as applied requires the court to consider whether the statute can be constitutionally applied to the party challenging it under the facts of the case (id. at 421). In contrast, “a facial challenge requires the court to examine the words of the statute on a cold page and without reference to the . . . conduct [of the party challenging the statute]. In pursuing a facial challenge, the [party challenging the statute] must carry the heavy burden of showing that the statute is impermissibly vague in all of its applications” (id. at 421 [internal quotation marks and citations omitted]).
“Because facial challenges to statutes are generally disfavored *770 and legislative enactments carry a strong presumption of constitutionality, a court’s task when presented with both a facial and as-applied argument is first to decide whether the assailed statute is impermissibly vague as applied to the [party challenging it]” {id. at 422 [citations omitted]). “If it is not and the statute provides the [party challenging the statute] with adequate notice and the [agency enforcing the statute] with clear criteria, that is the end of the matter” (id. at 422). “ ‘[T]he court will not strain to imagine marginal situations in which the application of the statute is not so clear’ ” (id. at 422, quoting People v Nelson, 69 NY2d at 308; see People v Shack, 86 NY2d 529, 538 [1995]; Town of Islip v Caviglia, 141 AD2d at 163).
Here, the appellant argues that Mental Hygiene Law § 10.03 (i) is unconstitutional as applied to him because the phrase “condition, disease or disorder” is undefined and the diagnosis made by the State’s expert — paraphilia not otherwise specified (hereinafter NOS) (hebephilia) — is not listed as a specifically designated diagnosis in the American Psychiatric Association’s Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition (hereinafter DSM-IV). However, Mental Hygiene Law § 10.03 (i) does not require a designated diagnosis under the DSM-IV for a finding of a mental abnormality {cf. Mental Hygiene Law § 1.03 [52]). All that is required is a congenital or acquired condition, disease, or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense. Contrary to the appellant’s contention, the terms “condition,” “disease,” and “disorder” are sufficiently definite to give a person of ordinary intelligence a reasonable opportunity to make the determination.
Here, the State’s expert psychiatrist concluded that the appellant suffered from paraphilia NOS, a “disorder of sexual arousal,” based upon hebephilia, an attraction to post-pubescent teenage boys, which predisposes him to committing sexual offenses, and that the appellant has had serious difficulty controlling his conduct. The State’s expert explained that while hebephilia was not a specifically defined subcategory of paraphilia listed in the DSM-IV paraphilia NOS, which is a specifically defined subcategory of paraphilia, encompassed hebephilia. Under the circumstances of this case, the term “mental abnormality” as defined in Mental Hygiene Law § 10.03 (i) is not unconstitutionally vague as applied.
Thus, since there exists at least one constitutional application of the statute, it is not invalid on its face (see People v Stuart, 100 NY2d at 429).
*771 “In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses” (Matter of State of New York v Clarence D., 82 AD3d 776, 777 [2011]; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Matter of State of New York v Leon F., 84 AD3d 1098, 1100 [2011]). Contrary to the appellant’s contention, the testimony of one of the witnesses of the State was not incredible (cf. Matter of Robert D., 69 AD3d 714, 716-717 [2010]). The State established, by clear and convincing evidence, that the appellant suffered from a “mental abnormality” (Mental Hygiene Law § 10.03 [i]; see Matter of State of New York v Stein, 85 AD3d 1646 [2011], lv granted 17 NY3d 894 [2011]; Matter of State of New York v Leon F., 84 AD3d at 1100; Matter of State of New York v Gierszewski, 81 AD3d 1473 [2011]). Balkin, J.P., Leventhal, Hall and Austin, JJ., concur.