■ In the Matter of IRVING GERARD, Petitioner, v RICHARD M. KOWEEK, as Judge of the County Court of Columbia County, Respondent. [997 NYS2d 521]—

Stein, J.P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to review a determination of respondent which denied petitioner's application for a carry and conceal pistol permit.

Petitioner's pistol permit was permanently revoked by Surrogate's Court (Czajka, S.) in January 2003 as a result of a series of threatening comments he made to a group of individuals.[*] In May 2013, petitioner filed a new application for a pistol permit, which respondent denied. Petitioner thereafter commenced this proceeding to review respondent's determination which, for the reasons that follow, we annul.

Respondent denied petitioner's pistol permit application based upon Penal Law § 400.00 (1) (k) (formerly Penal Law § 400.00 [1] [e]), finding that petitioner was ineligible for a pistol permit because of the prior revocation of his permit. Penal Law § 400.00 (1) (k) provides that no permit may be issued to an individual "who has . . . had a license revoked or who is . . . under a suspension or ineligibility order issued pursuant to the provisions of [CPL 530.14] or [Family Ct Act § 842-a]." Respondent interpreted this statute as two separate clauses and automatically barred petitioner from being issued a permit because his license had previously been revoked, despite the fact that the revocation was unrelated to either CPL 530.14 or Family Ct Act § 842-a.

We agree with petitioner that this was erroneous, as our reading of the statute indicates that the bar to issuance of a pistol permit "applies only in conjunction with the application of the Criminal Procedure Law and Family Court Act sections cited therein, which deal with orders of protection, and provides that a person who has previously had a firearms license revoked pursuant to those sections is ineligible to hold such a license" (*Matter of Romanoff v Kelly*, 23 AD3d 212, 212 [2005]; *see Matter of Fauntleroy v Kelly*, 4 Misc 3d 1014[A], 2004 NY Slip Op 50875[U] [Sup Ct, NY County 2004]). Even if Penal Law § 400.00 (1) (k) is subject to multiple interpretations, the legislative history of the 1996 amendment to that statute makes it clear that the provision in question was intended to protect victims of domestic violence from individuals who have orders of protection issued against them (*see* Sponsor's Mem, Bill Jacket, L 1996, ch 644). We can find nothing in the legislative

---

[*] This Court confirmed such revocation (*Matter of Gerard v Czajka*, 307 AD2d 633 [2003]).

history that would support a reading of the statute as two separate clauses. Here, inasmuch as the prior revocation of petitioner's pistol permit was unrelated to either of the enumerated statutes, it did not bar his eligibility to apply for a new permit.

Although the revocation of petitioner's pistol permit and the reasons therefor unquestionably could have some bearing on whether there is "good cause" to deny his current application (Penal Law § 400.00 [1] [n]), respondent's denial of the application was based, not on a finding of "good cause" but, rather, upon respondent's misinterpretation of Penal Law § 400 (1) (k). Accordingly, the determination must be annulled and the matter remitted to respondent for further proceedings on petitioner's pistol permit application.

McCarthy, Garry, Lynch and Devine, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.