## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: November 20, 2014        518078
_____

In the Matter of IRVING
    GERARD,
               Petitioner,

      v                            MEMORANDUM AND JUDGMENT

RICHARD M. KOWEEK, as
    Judge of the County Court
    of Columbia County,
               Respondent.
_____

Calendar Date: October 17, 2014

Before: Stein, J.P., McCarthy, Garry, Lynch and Devine, JJ.

_____

      Tabner, Ryan & Keniry LLP, Albany (Dana Salazar of counsel), for petitioner.

      Eric T. Schneiderman, Attorney General, Albany (Paul Groenwegen of counsel), for respondent.

_____

Stein, J.P.

      Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to review a determination of respondent which denied petitioner's application for a carry and conceal pistol permit.

      Petitioner's pistol permit was permanently revoked by Surrogate's Court (Czajka, S.) in January 2003 as a result of a series of threatening comments he made to a group of

individuals.[1]  In May 2013, petitioner filed a new application
for a pistol permit, which respondent denied.  Petitioner
thereafter commenced this proceeding to review respondent's
determination which, for the reasons that follow, we annul.

Respondent denied petitioner's pistol permit application
based upon Penal Law § 400.00 (1) (k) (formerly Penal Law §
400.00 [1] [e]), finding that petitioner was ineligible for a
pistol permit because of the prior revocation of his permit.
Penal Law § 400.00 (1) (k) provides that no permit may be issued
to an individual "who has [] had a license revoked or who is []
under a suspension or ineligibility order issued pursuant to the
provisions of [CPL] 530.14 . . . or [Family Ct Act § 842-a]."
Respondent interpreted this statute as two separate clauses and
automatically barred petitioner from being issued a permit
because his license had previously been revoked, despite the fact
that the revocation was unrelated to either CPL 530.14 or Family
Ct Act § 842-a.

We agree with petitioner that this was erroneous, as our
reading of the statute indicates that the bar to issuance of a
pistol permit "applies only in conjunction with the application
of the Criminal Procedure Law and Family Court Act sections cited
therein, which deal with orders of protection, and provides that
a person who has previously had a firearms license revoked
pursuant to those sections is ineligible to hold such a license"
(Matter of Romanoff v Kelly, 23 AD3d 212, 212 [2005]; see Matter
of Fauntleroy v Kelly, 4 Misc 3d 1014[A], 2004 NY Slip Op
50875[U] [Sup Ct, NY County 2004]).  Even if Penal Law § 400.00
(1) (k) is subject to multiple interpretations, the legislative
history of the 1996 amendment to that statute makes it clear that
the provision in question was intended to protect victims of
domestic violence from individuals who have orders of protection
issued against them (see Sponsor's Mem, Bill Jacket, L 1996, ch
644).  We can find nothing in the legislative history that would
support a reading of the statute as two separate clauses.  Here,
inasmuch as the prior revocation of petitioner's pistol permit

---

[1]  This Court confirmed such revocation (Matter of Gerard v
Czajka, 307 AD2d 633 [2003]).

was unrelated to either of the enumerated statutes, it did not bar his eligibility to apply for a new permit.

Although the revocation of petitioner's pistol permit and the reasons therefor unquestionably could have some bearing on whether there is "good cause" to deny his current application (Penal Law § 400.00 [1] [n]), respondent's denial of the application was based, not on a finding of "good cause" but, rather, upon respondent's misinterpretation of Penal Law § 400 (1) (k). Accordingly, the determination must be annulled and the matter remitted to respondent for further proceedings on petitioner's pistol permit application.

McCarthy, Garry, Lynch and Devine, JJ., concur.

ADJUDGED that the determination is annulled, without costs, petition granted, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court