The People of the State of New York, Respondent, 
against
Mayra Rivas, Appellant.




Raiser & Kenniff, P.C. (Anthony J. Colleluori, Esq.), for appellant.
Queens County District Attorney (Samantha S. Alessi, Esq.), for respondent.

Appeal from three judgments of the Criminal Court of the City of New York, Queens County (Stephanie L. Zaro, J.), rendered September 22, 2014. The judgments convicted defendant, after a nonjury trial, of stalking in the fourth degree in violation of Penal Law § 120.45 (1), stalking in the fourth degree in violation of Penal Law § 120.45 (3), and harassment in the first degree, respectively. The appeal brings up for review an order of the same court dated July 18, 2012 (Gene R. Lopez, J.) which denied the branch of defendant's motion seeking to dismiss the superseding accusatory instrument for facial insufficiency.




ORDERED that the judgment convicting defendant of stalking in the fourth degree in violation of Penal Law § 120.45 (3) is reversed, on the law, and the accusatory instrument charging that offense is dismissed; and it is further,
ORDERED that the judgments convicting defendant of stalking in the fourth degree in violation of Penal Law § 120.45 (1) and harassment in the first degree, respectively, are affirmed.
The original accusatory instrument filed in this case, dated August 18, 2011, charged defendant with one count of stalking in the fourth degree (Penal Law § 120.45 [1]) and one count of harassment in the first degree (Penal Law § 240.25). By decision and order dated March 12, [*2]2012, the Criminal Court, Queens County (Suzanne J. Melendez, J.) granted the branch of defendant's motion seeking to dismiss that accusatory instrument on facial insufficiency grounds. The People were granted leave to amend the accusatory instrument or to otherwise cure the defects by filing a superseding accusatory instrument.
The People filed a superseding accusatory instrument dated March 20, 2012, which charged defendant with one count of stalking in the fourth degree in violation of Penal Law § 120.45 (1) ("intentionally, and for no legitimate purpose, engages in a course of conduct directed at a specific person, and knows or reasonably should know that such conduct . . . is likely to cause reasonable fear of material harm to the physical health, safety or property of such person"); one count of stalking in the fourth degree in violation of Penal Law § 120.45 (3) ("intentionally, and for no legitimate purpose, engages in a course of conduct directed at a specific person, and knows or reasonably should know that such conduct . . . is likely to cause such person to reasonably fear that his or her employment, business or career is threatened where such conduct consists of appearing, telephoning or initiating communication or contact at such person's place of employment or business, and the actor was previously clearly informed to cease that conduct"); and one count of harassment in the first degree (Penal Law § 240.25).
The factual part of the superseding accusatory instrument alleges, among other things, that defendant resided in a building located on Burns Street and that, on or about November 9, 2010, while the complainant, a mail carrier employed by the United States Postal Service assigned to a mail delivery route in the Rego Park section of Queens, was on her mail route in front of that building, defendant approached her and accused her of not delivering defendant's mail, "stating in sum and substance, you could lose your job for that, you better be careful.' " The superseding accusatory instrument further alleges that defendant followed and videotaped the complainant with a video camera on numerous occasions from November 9, 2010 until May 31, 2011, at various locations on her mail route, approximately three or four times per week. Defendant also allegedly posted on an internet website in April 2011 that the complainant was guilty of misconduct in her duties as a postal worker, and included several derogatory statements about the complainant's weight and behavior. On April 27, 2011, a postal inspector went to defendant's home and informed her to cease her conduct and refrain from harassing the complainant. Defendant agreed and told the inspector that she had removed the internet posting. However, defendant continued her activities, particularly on July 25, 2011, when defendant circled the block approximately five times while holding a video camera, and pointed it at the complainant, who was retrieving mail for her route. Defendant also made an obscene gesture toward the complainant.
The superseding accusatory instrument also alleges that, on August 1, 2011, defendant pointed a video camera at the complainant, approached the complainant and stated, in sum and substance, "oh it's her again she's stalking us." The superseding accusatory instrument further alleges that, on August 8, 2011, while the complainant was in front of the Rego Park post office, she heard a car horn, and then observed defendant looking at her while driving a vehicle. Defendant then stopped in the middle of the road, stared at the complainant, and drove off. [*3]Moments later, defendant's vehicle came back and defendant again stared at the complainant. Defendant's activities continued until August 12, 2011, when she was arrested.
The superseding accusatory instrument alleges that defendant's "actions caused the complainant to fear for her personal safety and to fear losing her job," and "caused her annoyance and alarm."
The complainant and the postal supervisor each signed supporting depositions that stated that they had "read the [superseding] accusatory instrument filed in the above-entitled action and that the facts therein stated to be on information furnished by me are true upon my personal knowledge," thereby converting the superseding accusatory instrument to an information.
By decision and order dated July 18, 2012, the Criminal Court (Gene R. Lopez, J.), among other things, denied defendant's motion to dismiss the superseding information for facial insufficiency.
The People thereafter filed three prosecutor's informations, each dated April 9, 2014, separately charging defendant with stalking in the fourth degree in violation of Penal Law § 120.45 (1), stalking in the fourth degree in violation of Penal Law § 120.45 (3), and harassment in the first degree in violation of Penal Law § 240.25.
At a nonjury trial, the complainant testified to the actions of defendant as alleged in the superseding information. She also testified that she feared that, as a result of defendant's actions, she would be assigned to another, less favorable mail route. The postal inspector testified, among other things, that she told defendant to cease her actions with respect to the complainant. Defendant and her husband essentially testified that defendant carried a video camera with her, but denied the alleged acts testified to by the complainant.
Following the trial, the Criminal Court (Stephanie L. Zaro, J.) found defendant guilty of all three charges. Defendant's subsequent motion to set aside the verdicts pursuant to CPL 330.30, on the ground, among others, that her conduct constituted protected speech was denied by the Criminal Court.
On appeal, defendant contends that the superseding information, upon which the prosecutor's informations were based, was facially insufficient, and that her motion to dismiss the superseding information should have been granted. Defendant asserts that, while her behavior had been annoying and obnoxious, it had not been threatening and no reasonable person would have feared for his or her safety or job based on defendant's conduct; it is unreasonable to conclude that defendant knew or should have known that her conduct would cause the complainant to fear material harm to her person or job; in addition, the charge of harassment in the first degree was facially insufficient, as defendant's conduct was at most a harmless annoyance that does not, without more, convey threatening behavior that would make the complainant's fear reasonable. Defendant further contends that her guilt was not established at [*4]trial beyond a reasonable doubt, and that the verdicts of guilt were against the weight of the evidence. Defendant also argues that she was merely exercising her free speech rights, obtaining information about a public servant performing her official duties, and was merely traveling around her own neighborhood.
A superseding "information is sufficient on its face if it contains nonhearsay factual allegations of an evidentiary nature which establish, if true, every element of the offenses charged and the defendant's commission thereof" (People v Westwood, 53 Misc 3d 74, 77 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; see CPL 100.15 [3]; 100.40 [1]; People v Henderson, 92 NY2d 677, 679 [1999]; People v Alejandro, 70 NY2d 133, 136-137 [1987]). Defendant raises no hearsay claim on appeal, and, even if she had, the claim would have been waived by her failure to raise it in the Criminal Court (see People v Westwood, 53 Misc 3d at 77). To establish a charge of stalking in the fourth degree in violation of Penal Law § 120.45 (1), there is no need for proof that the defendant intended a specific result, such as fear of harm. The subjective fear or sensibilities of the alleged victim do not render a course of conduct criminal (see People v Stuart, 100 NY2d 412, 426-428 [2003]; People v Westwood, 53 Misc 3d at 79). The information must allege that the defendant intentionally engaged in a course of conduct, i.e., a pattern of conduct consisting of a series of acts over a period of time with a continuity of purpose (see People v Ubbink, 120 AD3d 1574, 1575-1576 [2014]; People v Westwood, 53 Misc 3d at 79; People v Payton, 161 Misc 2d 170, 174 [Crim Ct, Kings County 1994]). The allegations are to be viewed "as a whole and not evaluated as a separate act in each occurrence" (People v Westwood, 53 Misc 3d at 79; see People v Brandel, 30 Misc 3d 134[A], 2011 NY Slip Op 50082[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). For purposes of stalking, " continuity of purpose' is not the intent to cause a particular fear of harm but to commit acts which create a reasonable likelihood of fear of harm" (People v Westwood, 53 Misc 3d at 79). Furthermore, the "no legitimate purpose" element of Penal Law § 120.45 (1) "means the absence of a reason or justification to engage someone, other than to hound, frighten, intimidate or threaten" (People v Stuart, 100 NY2d at 428).
Here, the extensive allegations of the factual part of the superseding information were sufficient to render it facially sufficient with respect to the charges of stalking in the fourth degree in violation of Penal Law § 120.45 (1) and harassment in the first degree. It is objectively reasonable that someone following and videotaping another person in a public place dozens of times during a 10-month period knows or should know that the other person would be afraid for her safety and fear physical injury. Defendant was doing more than videotaping a postal employee at work to obtain information, or walking and driving through her neighborhood, and expressing her freedom of speech. The allegations sufficiently established that defendant was engaged in a months' long course of conduct directed against a specific person.
With respect to Penal Law § 120.45 (3):
"the New York Legislature set up a standard of intent that does not require that the stalker have a specific intent to stalk, but rather that the stalker intentionally engages in a course [*5]of conduct, which s/he knew or reasonably should have known . . . is likely to cause such person to reasonably fear that his or her employment is threatened, where such conduct consists of appearing, telephoning or initiating communication or contact at such person's place of employment or business, and the actor was previously clearly informed to cease that conduct.' This last, particularly bold, initiative was to provide within the statute recourse for victims who suffer employment, business or career consequences or reasonable fear in that regard, emanating from the conduct of the stalker, where the stalker has clearly been informed once to cease that conduct" (Pappas, Stopping New Yorkers' Stalkers: An Anti-Stalking Law for the Millennium, 27 Fordham Urb LJ 945, 949-950 [2000]).
The "reasonable fear" element was explained by the Court of Appeals in People v Stuart (100 NY2d at 428) as an objective term that is "easily understood." Comparing the "reasonable fear" language to the jostling statute that was found constitutional in People v Nelson (69 NY2d 302 [1987]), the Court stated that "the anti-stalking law is easily followed by most citizens of this State, provides objective criteria * * * [and] is not dependent upon the subjective conclusions of a complainant or an arresting officer' " (People v Stuart, 100 NY2d at 428, quoting People v Nelson, 69 NY2d at 308).
Here, the superseding information alleges that, on November 9, 2010, defendant told the complainant that she "could lose [her] job" for allegedly not delivering defendant's mail, and that the complainant "better be careful." The superseding information further alleges that months later, on August 8, 2011, defendant was in her vehicle while the complainant was in front of the Rego Park post office. Defendant stared at the complainant from her vehicle. The superseding information also alleges numerous other occasions in which defendant followed and videotaped the complainant while the complainant was on her mail route. However, other than the conclusory allegation that defendant's actions "caused the complainant to . . . fear losing her job," there are no facts set forth in the superseding information which would indicate any basis for such job loss or of any negative employment consequences, or even a reasonable fear that either might occur. Thus, the allegations of the superseding information did not satisfy the objective criteria of the anti-stalking law with respect to Penal Law § 120.45 (3). In fact, the superseding information alleges that a postal inspector in effect supported the complainant by telling defendant "to cease [her] conduct and refrain from harassing the complainant." While the complainant testified at the trial that she believed that she might be reassigned from her favorable mail route, that was not alleged in the superseding information. Thus, the superseding information was jurisdictionally deficient with respect to the charge of violating Penal Law § 120.45 (3). Consequently, the judgment convicting defendant of that charge must be reversed and the prosecutor's information charging that offense dismissed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), defendant's convictions of stalking in the fourth degree in violation of Penal Law § 120.45 (1) and harassment in the first degree were supported by legally sufficient evidence. In conducting an independent review of the weight of the evidence (see People v [*6]Danielson, 9 NY3d 342, 348 [2007]), great deference is accorded to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor. The court must determine, based on the credible evidence, whether a different result would have been unreasonable (see People v Lane, 7 NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]; People v Zephyrin, 52 AD3d 543 [2008]). Upon reviewing the record, we find that the verdicts of guilt of stalking in the fourth degree in violation of Penal Law § 120.45 (1) and harassment in the first degree were not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Accordingly, the judgment convicting defendant of stalking in the fourth degree in violation of Penal Law § 120.45 (3) is reversed and the accusatory instrument charging that offense is dismissed. The judgments convicting defendant of stalking in the fourth degree in violation of Penal Law § 120.45 (1) and harassment in the first degree are affirmed.
Elliot, J.P., Pesce and Solomon, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 25, 2017