The People of the State of New York, Respondent, 
against
Frankie Cherry, Appellant.




Appellate Advocates (John B. Latella, Esq.), for appellant.
Kings County District Attorney (Ruth E. Ross, Esq.), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Michael Gerstein, J.), rendered August 26, 2014. The judgment convicted defendant, upon his plea of guilty, of failure to provide proper sustenance to an animal.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged with violating Agriculture and Markets Law § 353. The pertinent part of the accusatory instrument states as follows:
"THE DEPONENT STATES THAT, AT THE ABOVE TIME AND PLACE, DEPONENT OBSERVED TWO PITBULLS IN THE BACKYARD OF DEFENDANT'S RESIDENCE, THAT DEPONENT OBSERVED SAID DOGS TO HAVE SORES ON THE PELVIC AREA, EXTREMELY EMACIATED, PROMINENT RIBS, SPINE, PELVIC BONES, EXAGGERATED HOUR GLASS TORSOS, AND FOOD AND WATER BOWLS TO BE EMPTY AND RUSTED.
DEPONENT IS FURTHER INFORMED BY DEFENDANT'S OWN STATEMENT THAT DEFENDANT WAS TAKING CARE FOR SAID DOGS FOR ABOUT ONE [*2]MONTH AND THAT DEFENDANT FED SAID DOGS TWICE A DAY.
DEPONENT IS FURTHER INFORMED BY, DR. ROBERT REISMAN, MEDICAL COORDINATOR OF ANIMAL CRUELTY CASES AT BERGH MEMORIAL ANIMAL HOSPITAL, THAT INFORMANT OBSERVED AND TREATED THE ABOVE-MENTIONED DOGS FOR MALNUTRITION AND STARVATION."
Defendant pleaded guilty to the charged offense, and the court imposed a sentence of a conditional discharge.
On appeal, defendant contends that Agriculture and Markets Law § 353 is unconstitutionally vague as applied to him in that the statute fails to define a point where his responsibility attaches.
Agriculture and Markets Law § 353 provides in relevant part:
"A person who . . . deprives any animal of necessary sustenance, food or drink, or neglects or refuses to furnish it such sustenance or drink, or causes, procures or permits any animal to be . . . deprived of necessary food or drink, or who wilfully . . . in any way furthers any act of cruelty to any animal . . . is guilty of a misdemeanor."
In addressing whether a statute is unconstitutionally vague as applied, courts have developed a two-part test (see People v Bright, 71 NY2d 376, 382 [1988]; Matter of State of New York v Spencer D., 96 AD3d 768 [2012]; People v Romano, 29 Misc 3d 9 [App Term, 1st Dept 2010]). The first part of the test is for the court to "determine whether the statute in question is sufficiently definite to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute" (Matter of State of New York, 96 AD3d at 769 [internal quotation marks and citations omitted]). "The rationale underlying the requirement that a penal statute provide adequate notice is the notion that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed" (Bright, 71 NY2d at 382 [internal quotation marks and citations omitted]). The second part of the test requires that a "court [] determine whether the enactment provides officials with clear standards for enforcement" (Matter of State of New York, 96 AD3d at 769, quoting People v Stuart, 100 NY2d 412, 420 [2003] [internal quotation marks omitted]) so that its enforcement is not arbitrary or discriminatory. "The Legislature must include in a penal statute minimal guidelines to govern law enforcement. The absence of objective standards to guide those enforcing the laws permits the police to make arrests based upon their own personal, subjective idea of right and wrong" (Bright, 71 NY2d at 383 [internal quotation marks and citations omitted]).
The burden of demonstrating that a statute is unconstitutional rests with the one seeking to invalidate it (Bright, 71 NY2d at 382). "A challenge to a statu[t]e as applied requires the court to consider whether the statute can be constitutionally applied to the party challenging it under the facts of the case" (Matter of State of New York, 96 AD3d at 769 [internal quotation marks and citation omitted]). A court "will not consider the possibility that the statute may be vague as [*3]applied in other hypothetical situations" (People v Nelson, 69 NY2d 302, 308 [1987]).
We reject defendant's argument that the statute fails to define a point where his responsibility attaches. Agriculture and Markets Law § 353 forbids, among other things, a person from "depriv[ing]" any animal "of necessary sustenance, food or drink." We find that, by using this language, the statute gives fair notice that this proscription applies to anyone, such as a caregiver, who is in a position to, and has the ability to, "deprive[]" an animal of such sustenance. Thus, the statute was sufficiently definite to give defendant in this case fair notice that this proscription applied to him, as he admitted that the dogs in question had been under his care for about a month. Regarding the second prong of the test, "[t]he combination of the precise terms described in the statute and the clearly pronounced elements adequately defines the criminal conduct for the police officers, Judges and juries who will enforce the statute" (People v Foley, 94 NY2d 668, 681-682 [2000] [internal quotation marks and citations omitted]). Consequently, the statute is not vague as applied to defendant.
Accordingly, the judgment of conviction is affirmed.
ALIOTTA and ELLIOT, JJ., concur.
WESTON, J.P., dissents in the following memorandum.
WESTON, J.P., dissents and votes to reverse the judgment of conviction and dismiss the accusatory instrument in the following memorandum:
In my opinion, Agriculture and Markets Law § 353 cannot be constitutionally applied to defendant under the facts of this case. Accordingly, I vote to reverse the judgment of conviction.
Although the statute is broadly worded to proscribe neglect in furnishing food or drink to any animal, it does not provide reasonable notice of its proscribed conduct to someone like defendant (see People v Stuart, 100 NY2d 412, 420 [2003]). Defendant was neither the owner of the dogs nor the owner of the premises where the dogs were found. Although defendant admitted to occasionally feeding the dogs and that the dogs' owner had been absent for a month, he also indicated that he was never asked by the owner to care for the dogs. The People never contested these facts.
Under these circumstances, a person of ordinary intelligence, like defendant, who charitably undertakes to feed abandoned dogs on occasion, cannot be deemed to have " fair notice that his [ ] conduct is forbidden by statute' " (id., quoting People v Nelson, 69 NY2d 302, 307 [1987]) and should not be criminalized for acting like a good Samaritan. Furthermore, application of the statute in these circumstances also creates the potential for indiscriminate enforcement (see Stuart, 100 NY2d at 420-421). "If a statute is so vague that a potential offender cannot tell what conduct is against the law, neither can a police officer" (id. at 421). Without any clear guidelines as to when the line between mere inaction and criminal neglect has been crossed, [*4]it is difficult for law enforcement to ascertain at what point liability under the statute attaches. Such uncertainty gives law enforcement virtually unbridled discretion in the statute's enforcement (see Papachristou v City of Jacksonville, 405 US 156, 163 [1972] [vagrancy statute unconstitutionally vague, since it criminalized activity "which by modern standards [is] normally innocent"]).
Accordingly, I vote to reverse the judgment of conviction and dismiss the accusatory instrument.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 25, 2017