Weston, J.P.
(dissenting and voting to reverse the judgment of conviction and dismiss the accusatory instrument in the following memorandum). In my opinion, Agriculture and Markets Law § 353 cannot be constitutionally applied to defendant under the facts of this case. Accordingly, I vote to reverse the judgment of conviction.
Although the statute is broadly worded to proscribe neglect in furnishing food or drink to any animal, it does not provide reasonable notice of its proscribed conduct to someone like defendant (see People v Stuart, 100 NY2d 412, 420 [2003]). Defendant was neither the owner of the dogs nor the owner of the premises where the dogs were found. Although defendant admitted to occasionally feeding the dogs and that the dogs’ owner had been absent for a month, he also indicated that he was never asked by the owner to care for the dogs. The People never contested these facts.
Under these circumstances, a person of ordinary intelligence, like defendant, who charitably undertakes to feed abandoned dogs on occasion, cannot be deemed to have “ ‘fair notice that his . . . conduct is forbidden by the statute’ ” (id., quoting People v Nelson, 69 NY2d 302, 307 [1987]) and should not be criminalized for acting like a Good Samaritan. Furthermore, application of the statute in these circumstances also creates the potential for indiscriminate enforcement (see Stuart, 100 NY2d at 420-421). “If a statute is so vague that a potential offender cannot tell what conduct is against the law, neither can *34 a police officer” (id.). Without any clear guidelines as to when the line between mere inaction and criminal neglect has been crossed, it is difficult for law enforcement to ascertain at what point liability under the statute attaches. Such uncertainty gives law enforcement virtually unbridled discretion in the statute’s enforcement (see Papachristou v Jacksonville, 405 US 156, 163 [1972] [vagrancy statute unconstitutionally vague, since it criminalized activity “which by modern standards (is) normally innocent”]).
Accordingly, I vote to reverse the judgment of conviction and dismiss the accusatory instrument.
Aliotta and Elliot, JJ., concur; Weston, J.P., dissents in a separate memorandum.