Matter of Gaul v Sober (2020 NY Slip Op 05013)





Matter of Gaul v Sober


2020 NY Slip Op 05013


Decided on September 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 17, 2020

530302

[*1]In the Matter of Jeffrey Gaul, Petitioner,
v
Jennifer Sober, as County Judge of Rensselaer County, Respondent.

Calendar Date: August 20, 2020

Before: Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


Jeffrey Gaul, Rensselaer, petitioner pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



Garry, P.J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to, among other things, review a determination of respondent denying petitioner's application for a pistol permit.
In 2008, petitioner's pistol permit was suspended based upon his arrest for harassment in the second degree, bail jumping in the third degree and criminal contempt. Thereafter, the criminal case was adjourned in contemplation of dismissal and petitioner applied for reinstatement of his pistol permit. In 2010, County Court (Giardino, J.) revoked petitioner's pistol permit for five years; this determination was subsequently confirmed (Matter of Gaul v Giardino, 95 AD3d 1456, 1457 [2012], lv denied 19 NY3d 810 [2012]). In 2019, petitioner submitted a new application for a pistol permit. In a one-sentence determination, respondent denied the application based upon "a prior revocation" of petitioner's permit. Acting pro se, petitioner thereafter commenced this proceeding pursuant to CPLR 506 (b) (1) seeking to annul respondent's determination and to compel respondent to issue the pistol permit.
As respondent's counsel concedes, petitioner's application was erroneously denied on the sole ground that his pistol permit had previously been revoked. Although "[a] pistol licensing officer has broad discretion in ruling on permit applications," denials must be based upon "good cause" (Matter of Nelson v County of Suffolk, 171 AD3d 756, 756-757 [2019] [internal quotation marks and citations omitted]; see Penal Law § 400.00 [4-a]; Matter of Ricciardone v Murphy, 159 AD3d 1200, 1200-1201 [2018]; Matter of Schmitt v Connolly, 139 AD3d 1199, 1199 [2016]). Penal Law § 400.00 (1) (k) prohibits the issuance of a pistol permit to an individual "who has . . . had a license revoked or who is . . . under a suspension or ineligibility order issued pursuant to the provisions of [CPL 530.14] or [Family Ct Act § 842-a]." This Penal Law statute, however, "was intended to protect victims of domestic violence from individuals who have orders of protection issued against them" and, thus, necessarily bars issuance only where the prior pistol permit was revoked pursuant to one of the cited statutes (Matter of Gerard v Koweek, 122 AD3d 1112, 1113 [2014]).
Here, petitioner's prior permit was not revoked pursuant to either CPL 530.14 or Family Ct Act § 842-a, but instead upon proof that petitioner made a certain threatening remark and failed to comply with an order directing him to turn in all of his firearms. "Although the revocation of petitioner's pistol permit and the reasons therefor unquestionably could have some bearing on whether there is good cause to deny his current application," the prior revocation, alone, was not an adequate basis for the denial (id. at 1114 [internal quotation marks and citation omitted]). As the determination set forth no other ground for denying the permit, it was not based on "good cause" and must be annulled as arbitrary and capricious (Penal Law § 400.00 [4-a]; see Matter of DeSandre v Blackwood, 162 AD3d 1015, 1016-1017 [2018]; Matter of Gerard v Koweek, 122 AD3d at 1114; Matter of Parker v Randall, 120 AD3d 946, 947 [2014]). However, contrary to petitioner's contention, he is not entitled to an order granting his application, as he "has failed to demonstrate a clear legal right to the relief sought" (Matter of Mari v DeProspo, 175 AD3d 596, 596-597 [2019]; see Matter of Smith v Chetta, 202 AD2d 677, 678 [1994]). Instead, the matter must be remitted to respondent for further proceedings on petitioner's application.
Petitioner also raises several constitutional challenges, both facial and applied, to the pistol licensing scheme established in Penal Law § 400.00. Although such challenges may not be raised in a CPLR article 78 proceeding, this procedural flaw can be remedied in appropriate circumstances by converting that portion of the proceeding into a declaratory judgment action (see CPLR 103 [c]; Matter of Seymour v Nichols, 21 AD3d 1234, 1234-1235 [2005]). Here, however, petitioner's claims afford no basis for such a conversion. His as-applied constitutional challenges — specifically, assertions that he was denied procedural due process and that respondent engaged in selective enforcement — have been rendered academic by our determination annulling the denial of his application. Petitioner's facial claims, as enumerated in his brief, include challenges to the statute's designation of judges as licensing officers and its alleged failure to require training for such officers, as well as several vagueness claims — specifically, that Penal Law § 400.00 lacks clear standards governing the exercise of discretion by licensing officers and that its requirements for "good moral character" and "good cause" are unconstitutionally vague (Penal Law § 400.00 [1] [b]; [4-a]). The first two claims do not raise constitutional concerns, as petitioner makes no assertion that any constitutional right or rights were violated. As for the vagueness claims, petitioner does not assert that his application was affected by any of the allegedly vague provisions; instead, the denial was based upon the provision pertaining to prior permit revocations in Penal Law § 400.00 (1) (k). Except in certain rare circumstances not presented here, vagueness challenges "must be addressed to the facts before the court," rather than on hypothetical circumstances unrelated to those actually presented (People v Nelson, 69 NY2d 302, 308 [1987]; see People v Stuart, 100 NY2d 412, 422 [2003]). As petitioner's vagueness claims are not based on the facts pertaining to his application, he lacks standing to bring them (see People v Nelson, 69 NY2d at 308; Matter of Corey B., 129 AD2d 796, 797 [1987]). Thus, petitioner's constitutional challenges are not properly before this Court.
Lynch, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.